UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES C. PENNINGTON, as a director of THE ANCHOR GROUP, <br><br> Plaintiff, <br><br> VS. <br><br> UNITED STATES; INTERNAL REVENUE SERVICE <br><br> Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.  SA-09-CA-870-XR<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

On this date, the Court considered the Petition to Quash I.R.S. Summons (docket no. 1) and the Motion of the United States of America to Dismiss Petition to Quash (docket no. 4).

### Background

James C. Pennington, in his capacity as a director of The Anchor Group, filed this Petition to Quash IRS Summons on October 26, 2009, seeking to quash an IRS summons served on October 2, 2009 on the Union State Bank. The summons is styled "In the matter of James C. Pennington and Lisa Pennington," is directed to Union State Bank in Kerrville, Texas, and seeks various documents, such as signature cards and account documents, for accounts over which James and/or Lisa Pennington have or have had signature or other authority, for the years 2006, 2007, and 2008.

Pennington moves to quash the summons in his capacity as a director of The Anchor Group, which Pennington asserts is a church within the meaning of IRC § 7611(h)(1)(A). Pennington asserts that the "IRS was aware that the records being sought belong to The Anchor Group," but no notice was provided to The Anchor Group until it received constructive notice upon receipt of Pennington's notice on October 5, 2009. Pennington asserts that The Anchor Group was not properly notified of the issuance of the summons.

Pennington asserts that, from January 1, 2006 through January 31, 2009, he had signature

1

authority over an account with Union State Bank that "is the community treasury of The Anchor Group, a religious organization." Pennington asserts that The Anchor Group's membership and financial records are protected by the Church Audit Protection Act as codified in IRC § 7611(b). Pennington claims that, on April 2, 2009, the IRS issued a "no change" letter with regard to an examination of The Anchor Group's common treasury and associated business activities. The letter "specifically noted that a bank account of The Anchor Group was titled in the name of an individual [James Pennington] who operates as a fiduciary for The Anchor Group." Pennington contends that the IRS has not complied with IRC § 7611, and that the IRS is attempting to circumvent the protections of § 7611 by issuing a summons that it would reasonably expect to produce financial records of The Anchor Group. Pennington further asserts that the IRS is acting in bad faith in issuing the summons by attempting to assign income properly reported on the returns of The Anchor Group's business activities to Pennington. Pennington contends that the "source and nature of the income deposited to the account in question was determined to be that of The Anchor Group and not Pennington, after a two-year examination and multiple conferences with IRS agents and counsel."

The IRS responded by filing a Motion to Dismiss the Petition to Quash. The IRS states that the summons seeks production of certain banking records in connection with the IRS's investigation into the personal tax liability of James and Lisa Pennington, and the petition to quash should be dismissed because the petitioner is not a party to whom the limited waiver of immunity from suit under 26 U.S.C. § 7609 applies and because the petition was not timely filed.

**Analysis**

Section 7602(a) of the Internal Revenue Code authorizes the IRS to "examine any books, papers, records or other data" that will assist it in "ascertaining the correctness of any return, ... determining the liability of any person for any internal revenue tax, or ... collecting any such liability." On October 2, 2009, Agent Barbara Haden served a copy of the summons on Union State Bank in accordance with § 7603, which directs that a summons issued under § 7602 be served by hand delivery to the person to whom it is directed. Agent Haden also served a copy on James Pennington and on Lisa Pennington on October 2, 2009 by certified mail in accordance with § 7609(a)(2) ("notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person"). Under the

2

"special procedures for third-party summons" set forth in § 7609, if a summons requires the production of any portion of records made or kept on or relating to "any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made." 26 U.S.C § 7609(a)(1). Any person who is entitled to notice of a summons has the right to begin a proceeding to quash such summons not later than the 20th day after such notice is given. 26 U.S.C. § 769(b)(2).

The IRS asserts that Petitioner, James Pennington, as Director of The Anchor Group, is not an individual entitled to initiate a proceeding to quash the summons under the limited waiver of immunity to suit provided by 26 U.S.C. § 7609(b)(2). Further, the IRS contends that the petition to quash was filed after the deadline for filing such a petition set forth in § 7609(b)(2). Last, the IRS contends that it has shown a legitimate, good-faith basis for the summons, and Pennington has not rebutted that evidence with a showing of bad faith.

A. Subject Matter Jurisdiction

The IRS argues that James C. Pennington, in his capacity as a Director of The Anchor Group, is not entitled to file the motion to quash the summons. Pennington has not responded to the IRS's motion to dismiss.

It is fundamental that the United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute. *United States v. Dalm*, 494 U.S. 596, 608 (1990). When Congress has statutorily waived the United States' sovereign immunity, an action against the government will be strictly construed, and a court will lack subject matter jurisdiction over any action that does not fit within the scope of the waiver. *Taylor v. United States*, 292 Fed. App'x 383 at *1 (5th Cir. 2008) (citing *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995)). "Courts have held that an action to quash a summons issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity." *Taylor*, 393 Fed. App'x at *1 (citing *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999)).

Section 7609(b)(2) provides a limited waiver of sovereign immunity, granting "any person who is entitled to notice of a summons under subsection (a)" to "have the right to begin a proceeding to quash such summons." 26 U.S.C. § 7609(b)(2). Thus, the right to begin a proceeding to quash is limited to "any person who is entitled to notice" under subsection (a). *See Taylor*, 292 Fed. App'x at *2 ("Persons entitled to notice may then bring a petition in federal district court to quash the

3

summons."). Section 7609(a) provides that, "[i]f any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to ... any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." *Id.* § 7609(a)(1). Only James C. Pennington and Lisa Pennington, individually, are identified in the summons, and thus, "under the plain meaning of § 7609(b)(2), only those persons so identified have standing to petition to quash." *Stewart v. United States*, 511 F.3d 1251, 1253 (9th Cir. 2008).

In *Stewart*, the Ninth Circuit considered whether a co-owner of a bank account identified in a summons could bring a petition to quash. The Ninth Circuit agreed with the Second Circuit's earlier decision in *United States v. First Bank*, 737 F.2d 269 (2d Cir. 1984),[1] and concluded that a co-owner is not entitled to notice, and thus may not bring a motion to quash. The Ninth Circuit cited with approval *Vanguard International Manufacturing., Inc. v. United States*, 588 F. Supp. 1229, 1232 (S.D.N.Y. 1984), in which the court held that a corporation not identified in the IRS summons lacked standing under § 7609(b)(2) to challenge the summons's validity even though the summons sought records relating to a taxpayer who had signatory authority over the corporation's bank accounts. The *Vanguard* court expressed dissatisfaction over that holding, noting that Vanguard argued "persuasively" that it should be entitled to challenge a summons seeking information about its own bank account, but felt it was bound by the Second Circuit's decision in *First Bank*. The district court for the Southern District of Texas has followed *Vanguard* and *First Bank*, holding that a district court "does not have jurisdiction to adjudicate a petition to quash an IRS summons which is filed by a party not identified in the summons . . . even when the summons seeks information pertaining directly to the petitioner." *Especializados v. United States*, Civ. A. No. L-99-8, 2000 WL 1203522 (S.D. Tex. Feb. 23, 2000).

Thus, the petition to quash, being brought by Pennington in his capacity as a director of The

---

[1] *See also Voss v. United States*, 573 F. Supp. 957, 960-61 (D. Colo. 1983) (concluding that a joint owner of a bank account not identified in an IRS summons lacked standing under § 7609(b)(2) to challenge the summons).

4

Anchor Group rather than in his individual capacity, is not within the limited waiver of sovereign immunity of 26 U.S.C. § 7609(b)(2). Further, Article III and general jurisdictional statutes such as 28 U.S.C. §§ 1331, 1340, 1343(a)(3), and 1346 "are insufficient in themselves to confer" jurisdiction on the district court in this context. *Taylor*, 292 Fed. App'x 387.[2]

To the extent that Pennington and The Anchor Group argue that the summons violates § 7611, the argument fails. Section 7611 applies to church tax inquiries and examinations (which was apparently conducted on The Anchor Group, concluding in April 2009). The summons is not issued as part of a church tax inquiry, but is rather part of the IRS's investigation into the personal tax liabilities of James and Lisa Pennington. Pennington has not cited, and the Court has not found, anything in § 7611 that would give The Anchor Group standing to contest the summons. Instead, § 7611(i)(2) provides that § 7611 does not apply to "any inquiry or examination relating to the tax liability of any person other than a church." As the court noted in *Bishop v. United States*, 1999 WL 357939 (N.D. Fla. March 18, 1999), "[o]n the basis of Section 7611(i)(2), the courts have held that where the IRS is examining the tax liability of an individual, such as a church founder, rather than the church itself, Section 7611 does not apply." Citing *St. German of Alaska Eastern Orthodox Catholic Church v. United States*, 840 F.2d 1087, 1091 (2d Cir.1988); *Kerr v. United States*, 801 F.2d 1162, 1163 (9th Cir.1986).

Based on these precedents and on the plain language of § 7609(b)(2), the Court finds that only James C. Pennington, individually, and Lisa Pennington, individually, may bring a petition to quash the summons. Because James C. Pennington in his capacity as a director of and on behalf of The Anchor Group has brought the action and has not established a basis for subject matter jurisdiction, the Court will dismiss the petition for lack of subject matter jurisdiction.

---

[2] Though Pennington complains about the actions of a different agent, he asserts no claims that could be construed as *Bivens* claims because he does not name the agent, or even Agent Haden, in an individual capacity. *Taylor*, 292 Fed. App'x at 388 ("[T]heir petition to quash falls short of stating a *Bivens* claim as, significantly, they do not name Agent Booth, in his individual capacity, as a defendant in their action. Consequently, the Taylors cannot rely upon the waiver of sovereign immunity in 28 U.S.C. § 2679(b)(2) to seek relief in the district court against the IRS.").

B. Merits

In the alternative, even if the Court does have subject matter jurisdiction to address the claims asserted by The Anchor Group, it would deny the petition to quash. The IRS has provided an affidavit by Agent Barbara Haden that satisfies its prima facie burden under *United States v. Powell*, 379 U.S. 48 (1964). *See Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001). Agent Haden states that she is investigating the personal tax liability of James and Lisa Pennington, that Union State Bank was summoned to provide documents and testimony relevant to the investigation, the information sought is not already in the possession of the IRS, and all administrative steps required by the IRC have been taken.

Pennington, on behalf of The Anchor Group, has not met the "heavy" burden of rebutting the IRS's case by either undermining the proponent's contentions regarding any of the *Powell* factors or by demonstrating that enforcement of the summons would result in an "abuse" of the court's process. A summons represents an abuse of the court's process when it is issued solely to harass a party, to pierce legal privileges, to pressure settlement of collateral disputes, or for any other "bad faith" purpose. *See Powell*, 379 U.S. at 58; *United States v. Wyatt*, 637 F.2d 293, 301 (5th Cir.1981).

The Anchor Group's complaint is that, during the 2007 to 2009 church tax inquiry concerning the Group, the IRS learned that "a bank account . . . belonging to The Anchor Group [was] titled and/or recorded in the name of certain person(s) [James Pennington] who operate as a fiduciary to The Anchor Group." Pennington asserts that the IRS acknowledged that the Union State Bank account "represented the community treasury of The Anchor Group, and that deposits and checks from that account were properly reported on the returns of the association on Forms 1065." Thus, Pennington argues that the summons was served in bad faith because the IRS knows that the account belongs to The Anchor Group, the summons would require the bank to turn over records that are protected by § 7611, and the IRS is using the summons to circumvent the protections of § 7611.

The Court has already noted that § 7611 does not apply. Further, even if the IRS knows that a bank account at Union State Bank belongs to The Anchor Group, that is insufficient to demonstrate bad faith. Agent Haden's affidavit shows that the IRS is investigating James C. Pennington, and asserts that the summons seeks relevant evidence, noting that the requested documents need only

6

be relevant in the sense that they have the potential to shed some light on any aspect of the taxpayer's return. *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997). Pennington notes that his sole source of income is The Anchor Group, and that he has signatory authority over the account. Whatever conclusions were reached about the propriety of deposits and checks from the account would appear to be limited to the year 2004, while the current summons seeks documents relevant to the 2006, 2007, and 2008 tax years. Further, the summons seeks a range of documents from Union State Bank, including not only all accounts over which Pennington has or has had signature or other authority or exercised control, but also a variety of other documents that would not necessarily be related to The Anchor Group.

In *United States v. Grayson County State Bank*, 656 F.2d 1070 (5th Cir. 1981), the Fifth Circuit noted that a similar summons had a valid purpose to investigate the correct tax liability of a church minister when the records sought were limited only to those "on which (the taxpayer had) signature privileges and/or trustee assignment" for the applicable years. Addressing the church's free exercise claim, the Court held that "allowing the IRS access to information to determine the correct tax liability of the taxpayer, the church's minister, does not restrict the church's freedom to espouse religious doctrine nor to solicit members or support, *id.* (citing *United States v. Holmes*, 614 F.2d at 989), and "the church ha[d] presented no evidence that enforcement of this summons would restrict the religious activities of its members." The Court noted that it has "recognized that compliance with a properly narrowed summons may result in 'only an incidental burden upon (the) free exercise of religion," *U. S. v. Holmes*, 614 F.2d [985,] 989 [(5th Cir. 1980)]; *Hearde v. Commissioner*, 421 F.2d 846 (9th Cir. 1970), and that '(b)alanced against the incidental burden on church religious activities is the substantial government interest in maintaining the integrity of its fiscal policies... This interest is sufficiently compelling to justify any incidental infringement of plaintiff's First Amendment rights.'" *Holmes*, 614 F.2d at 990. The Court disagreed with the district court's conclusion that First Amendment rights of the church or its members were implicated by the issuance of the summons, stating:

> The summons was issued to secure access to records in the possession of a bank, in connection with a taxpayer investigation, to examine those records of the bank pertaining to the church that were relevantly connected with the taxpayer's financial activity for the tax years of the investigation. Under the relevant facts, no substantial showing is made of abusive use of the summons, for its issuance does not constitute

any significant burden upon the free exercise of religious activity by the church or its members.

*Grayson County State Bank*, 656 F.2d 1074-75. The Court thus finds that the documents summoned are relevant to an examination of the potential tax liability of James Pennington for the years under investigation and The Anchor Group has made no showing of abusive use of the summons.

## Conclusion

Because James C. Pennington, in his capacity as a director of The Anchor Group, is not a person entitled to begin a proceeding to quash the summons at issue, the Court GRANTS the United States' Motion to Dismiss Petition to Quash (docket no. 4) and DISMISSES THE PETITION FOR LACK OF SUBJECT MATTER JURISDICTION.

In the alternative, assuming James C. Pennington, in his capacity as a director of The Anchor Group, is a person entitled to bring this proceeding or the Court otherwise has jurisdiction to consider the petition, the Court DENIES the Petition to Quash IRS Summons (docket no. 1).

It is so ORDERED.

SIGNED this 29th day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE